IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIRK RICHARDS,<br>    *Plaintiff,*<br><br>v.<br><br>WALDEN SECURITY d/b/a<br>METROPOLITAN SECURITY<br>SERVICES, INC.,<br><br>    *Defendant.* | Civil Action No. ELH-20-2866 |

## MEMORANDUM

Plaintiff Kirk Richards filed suit in the Circuit Court for Baltimore County against Walden Security d/b/a Metropolitan Security Services, Inc. ("Walden") and Mick Sharp, a vice president of Walden. ECF 6 at 1, 3. Mr. Richards alleged that Walden unlawfully terminated his employment, and discriminated and retaliated against him on the basis of religion. *Id.* at 1-2. Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), in addition to claims founded on Maryland law. *Id.* at 8-15.

Defendants removed the suit to this Court on October 2, 2020, within thirty days of service of the Complaint, invoking jurisdiction under 28 U.S.C. § 1441(a). ECF 2 at 1-2. Thereafter, both sides stipulated to the dismissal of Mr. Sharp from the suit, with prejudice. ECF 19. And, with leave of the Court (ECF 22), plaintiff filed an Amended Complaint, naming Walden as the only defendant. ECF 23.

Of import here, I entered a Scheduling Order on November 16, 2020. ECF 15. Among other things, it set a discovery deadline of March 17, 2021, and a deadline of April 16, 2021, for

dispositive pretrial motions. *Id.* at 1-2. No requests were made at that time for any extensions, although such requests are hardly uncommon.

I referred the case to Magistrate Judge J. Mark Coulson for a settlement conference. ECF 16. A settlement conference was initially scheduled for February 5, 2021, but it was subsequently rescheduled for March 15, 2021. ECF 17; ECF 28; *see* Docket. The case did not settle.

On March 17, 2021, the date discovery was set to close, Mr. Richards moved to modify the Scheduling Order, pursuant to Fed. R. Civ. P. 16(b)(4). ECF 29 (the "Motion"). The Motion includes an exhibit. He asks to extend the discovery deadline until May 31, 2021; the deadline for requests for admission until June 7, 2021; and the deadline for dispositive pretrial motions until June 30, 2021. *Id.* at 3. Plaintiff explains that he was deposed on March 9, 2021, and the deposition offered "insight into some of the key issues in this case." *Id.* at 2. If the Motion is granted, plaintiff's counsel plans to depose "Walden's corporate designee and at least four fact witnesses." *Id.* at 2.

Plaintiff also seeks to defer all expert discovery until after the resolution of dispositive pretrial motions. He claims defendant has consented to the request as to experts. *Id.* at 4; ECF 33 at 1.

Walden opposes the Motion, to the extent that plaintiff seeks an extension of discovery and the dispositive motions deadline. ECF 31. Walden also submitted several exhibits. Plaintiff replied. ECF 33. And, plaintiff submitted additional exhibits.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

**I.**

Fed. R. Civ. P. 16(b)(4) concerns modification of scheduling orders. That rule provides: "A schedule may be modified only for good cause and with the judge's consent." Thus, Rule 16(b)(4) "recognize[s] . . . that the parties will occasionally be unable to meet . . . deadlines [in a scheduling order] because scheduling order deadlines are established relatively early in the litigation." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). But, under Rule 16(b)(4), a movant must demonstrate good cause to satisfy the requirement for a modification. *See Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D. 104, 106 (D. Md. 2013); *see also United States v. Hartford Accident & Indem. Co.*, No. CV JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016) ("The burden for demonstrating good cause rests on the moving party.").

The "'touchstone'" of Rule 16(b)(4)'s "good cause requirement is 'diligence.'" *Faulconer*, 808 F. App'x at 152 (citation omitted). The Fourth Circuit has endorsed this proposition several times, in line with other circuits. *Id.* at 152 n.1 (collecting cases). "[O]nly diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Id.* at 152; *accord Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) ("Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'") (citation omitted).

In evaluating diligence, courts focus mainly on "timeliness." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (citation omitted). Notably, "'[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Wonasue*, 295 F.R.D. at 107 (citation omitted).

In determining whether the moving party has met his burden to show good cause, courts may also consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat*, 993 F. Supp. 2d at 520. However, "'[i]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors . . . generally will not be considered.'" *Faulconer,* 808 F. App'x at 152 (quoting *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017)). Some district court judges have expressed this proposition even more forcefully. *See, e.g.*, *Rassoull*, 209 F.R.D. at 374 ("'If [the moving party] was not diligent, the inquiry should end.'") (citation omitted); *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) ("'[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party is not diligent, the inquiries should end*.'" (citation omitted) (emphasis in *Marcum*).

Fed. R. Civ. P. 26(b)(2)(C) is also relevant. It provides, in relevant part: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Notably, the Fourth Circuit has said: "A district court has 'wide latitude in controlling discovery and . . . its rulings will not be overturned absent a showing of clear abuse of discretion.'" *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) (quoting *Ardrey v. United Parcel Service,* 798 F.2d 679, 682 (4th Cir. 1986)) (alterations in *Rowland*).

## II.

As noted, plaintiff seeks to extend the deadlines for discovery, requests for admission, and pretrial motions, respectively. He seeks an extension of about seventy-five days. *See* ECF 29 at 3; ECF 31 at 1.

In the Motion, Mr. Richards contends that he has been diligent in pursuing discovery, noting that he filed the Amended Complaint before the deadline set by the Scheduling Order and served discovery requests on defendant shortly after issuance of the Scheduling Order. ECF 29 at 3; *see also* ECF 33 at 7 (describing plaintiff's engagement in discovery to date). But, plaintiff's counsel explains that he waited to take depositions until after the settlement conference "to demonstrate his good faith desire to participate in settlement negotiations" and to "reasonably attempt to conserve litigation costs." *Id.* at 4. However, "the failed settlement conference made deposing Walden's witnesses unquestionably necessary." ECF 33 at 8.

Walden counters that plaintiff has been careless in prosecuting his case. ECF 31 at 2. In defendant's view, that plaintiff's counsel did not take any depositions during the discovery period reflects a lack of diligence. *See id.* at 2-3. In his reply, Mr. Richards asserts that, after multiple exchanges between counsel regarding the schedule in this case, defense counsel declined to consent to an extension of discovery. ECF 33 at 8.

In my view, plaintiff has established good cause for his requested modifications of the schedule. This is his first request for extensions of any kind, and the case is still in the early stages. Notably, it was removed to this Court just a few months ago, while we have been in the midst of a global pandemic. Plaintiff submitted discovery requests to defendant relatively early in the litigation and attempted to work with defense counsel to formulate a consent motion for an extension. ECF 33 at 7-8. These actions reflect diligence, not carelessness. *See Faulconer,* 808 F. App'x at 152. Moreover, the requested extensions are relatively short and will not prejudice defendant.

However, the remainder of discovery shall be limited to the depositions of witnesses identified by plaintiff's counsel in an email exchange with defense counsel on February 25, 2021.[1] In that email, plaintiff's counsel stated that he sought to depose "Mick Sharp, Maxine Oliver, Robert McKenney, and Walden's 30(b)(6) witness(es)" as well as "Reginald Walker." ECF 31-2 at 3. Therefore, discovery shall be limited to the depositions of these persons.

### III. Conclusion

For the foregoing reasons, I shall grant the Motion. The close of discovery and the deadline for submission of a status report shall be extended until **May 31, 2021**. Discovery shall be subject to the limitations stated above. The deadline for requests for admission shall be extended until **June 7, 2021**. And, the deadline for dispositive pretrial motions shall be extended until **June 30, 2021**.

An Order follows.

Date: April 12, 2021                    /s/
                                        Ellen L. Hollander
                                        United States District Judge

---

[1] At one point in the opposition, Walden refers to the email at issue as the "January 29, 2021 e-mail." ECF 31 at 3. However, the pertinent exhibit clearly shows that the email was sent on February 5, 2021. *See* ECF 31-2 at 3.