IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KIRK RICHARDS <br><br> Plaintiff, <br><br> v. <br><br> WALDEN SECURITY, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> CIVIL NO.: ELH-20-2866 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

### **Introduction**

Plaintiff Kirk Richards filed this complaint against Walden Security alleging Walden failed to accommodate his religious beliefs and subjected him to religious discrimination, harassment, and retaliation. Plaintiff worked for Walden as a protective security officer ("PSO") from April 14, 2019 until June 19, 2019. The crux of his complaint was that Walden only allowed a beard of .25 inches because a PSO may have to wear a respirator in the event of an emergency. Richards, a Hebrew Israelite practices his faith by wearing a beard longer than allowed by Walden. Richards worked at the Social Security Administration in Woodlawn Maryland.

This matter was referred to me for all discovery and related scheduling on April 9, 2021. ECF 34. The current dispute between the parties resulted in a motion for a protective order from Defendant, seeking to limit the areas of inquiry of Walden's corporate designee under Fed. R. Civ. P. 30(b)(6). Defendant filed its motion by letter. ECF 43. Plaintiff has responded by letter. ECF 45. The matter is fully briefed and there is no need for a hearing. Loc.R. 105.6 (D.Md.2018).. For

the reasons set forth below, the Motion for Protective Order is GRANTED in part and DENIED in part.

**Analysis**

While the facts are quite different, this Court previously ruled on a similar motion to limit the areas of inquiry of a Rule 30(b)(6) designee. *Fish v. Air & Liquid Systems Corporation, et al.*, No. GLR-16-496, 2017 WL 697663 (D. Md. Feb. 21. 2017).

Federal Rule 26(b) provides general provisions regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Discovery rules are to be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Nevertheless, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed. R. Civ. P. 26(c)(1). Protective orders pursuant to Rule 26(c) "should be sparingly used and cautiously granted." *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C.1987). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C.1988) (citation omitted).

The party moving for a protective order bears the burden of establishing good cause. *Webb v. Green Tree Servicing, LLC,* 283 F.R.D. 276, 278 (D.Md.2012). The proponent may not rely on stereotyped or conclusory statements… but must present a particular and specific demonstration

2

of fact as to why a protective order should issue. *Id.* Good cause exists where the information sought in discovery is not relevant to any issue in the case.

The Court is guided by Fed. R. Civ. P. 26(b)(1) and Appendix A, Guideline 1 of the Local Rules, "to facilitate the just, speedy and inexpensive conduct of discovery, in light of what is relevant to any party's claim or defense; proportional to what is at issue in a case and not excessively burdensome or expensive compared to the likely benefit of obtaining the discovery being sought." Local Rules, Appendix A, Guideline 1.

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed.R.Civ.P. 26(b)(1). *Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350, 355 (D.Md.2012). Federal Rule of Civil Procedure 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D.Md.2010). Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(i)–(iii).

**Defendant Walden's Motion for a Protective Order**

Under the Federal Rules, a party may depose a "public or private corporation, a partnership, an association, a governmental agency, or other entity[.]" Fed. R. Civ. P. 30(b)(6).

The deposition notice served on an entity "must describe with reasonable particularity the matters for examination." *Id.* The named organization must then designate someone to testify on its behalf "about information known or reasonably available to the organization" on the listed topics. *Id.*

To meet Rule 30's reasonable particularity requirement, a topic must place the named organization "on adequate notice as to the area of inquiry so as to sufficiently assist in identifying the proper deponent." *Lightfoot v. Georgia-Pac. Wood Prod. LLC*, No. 7:16-CV-244-FL, 2017 WL 9440364, at *3 (E.D.N.C. May 1, 2017). In addition, the topics may not be overbroad or lack limitations on time or geographic scope. *Young v. United Parcel Serv. of Am., Inc.*, No. DKC-08–2586, 2010 WL 1346423, at *9 (D. Md. Mar. 30, 2010).

The proposed deposition topics must be "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts may limit the scope of a 30(b)(6) deposition if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

It is the organization's responsibility to adequately prepare its designee. *See Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) (a corporation "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable[,] and binding answers on behalf of the corporation").

A corporate designee "must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions" and "provide [the corporation's] interpretation of documents and events." *United States v. Taylor*, 166 F.R.D. 356, 361

(M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996). The corporation must make "a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Wilson Land Corp. v. Smith Barney, Inc.*, 2001 WL 1745241, at *4 (E.D.N.C. Aug. 20, 2001) (quotation omitted). This preparation includes having deponents " 'review prior fact witness deposition testimony as well as documents and deposition exhibits.' " *Id.* at *5 (quoting *Taylor*, 166 F.R.D. at 361). And "[e]ven if [a] defendant in good faith thought that the [witness] would satisfy the deposition notice, it ha[s] a duty to substitute another person once the deficiency of its Rule 30(b)(6) designation [becomes] apparent during the course of the deposition." *Marker*, 125 F.R.D. at 126. *See Power Home Solar LLC v. Sigora Solar, LLC,* No. 3:20-CV-00042, 2021 WL 2587954, at *12 (W.D.V.A. June 24, 2021); *Loboa v. Women's Health Alliance, P.A.*, No. 5:18-CV-00329, 2020 WL 889739 (E.D.N.C. Feb. 24, 2020).

### The Areas of Inquiry

**Areas of Inquiry for topics 1-2, 53 and 58-64:**

Defendant alleges that in general, these topics are overbroad and unduly burdensome because they ask the designee to testify about Walden's entire answer to the Amended Complaint and affirmative defenses as well as the entire document production. The Court agrees with Defendant that this general request for a complete analysis lacks particularity and would require Defendant to prepare a 1 witness case for the designee. The motion for a protective order is **GRANTED as to topics 1-2, 53 and DENIED as to topics 58-64.** Plaintiff is instructed to provide a notice that describes with reasonable particularity the issues to be addressed in topics 1-2 and 53 at deposition. Defendant's designee shall be prepared to answer questions regarding the document production by Walden, topics 58-64.

**Areas of Inquiry for topics 4-5, 24-29, 33-34, 45-52 and 57.**

Walden alleges these topics also are overly broad, unduly burdensome and would require the designee to memorize swaths of information in order to testify in so far as they seek "all" or "any" information.

With respect to **4-5**, the Court **DENIES** the motion. The language is particularized to the complaint and limited to the facts requested. With respect to **24-29 and 33** the Court **GRANTS** the motion. The language is generalized and the Court **ORDERS** Plaintiff to limit its requests to

incidents and information regarding Walden's contract with the Social Security Administration. The motion as to topics **34, 45-52** and **57** is **DENIED**. Defendant has failed to provide sufficient support for a protective order.

### Areas of Inquiry for topics 9-10, 20-21, 30-31 and 42.

Walden objects to these topics alleging they are overbroad in geographic and contractual scope because they seek a response on behalf of all Federal Services Division contracts. The motion as to topics **9-10** is **GRANTED**. Plaintiff is to submit areas of inquiry limiting the inquiry to the Walden contract with SSA. The motion as to **20-21, 30-31 and 42** is **DENIED**. Defendant has failed to meet his burden for a protective order as to topics 20-21, 30-31 and 42.

### Areas of Inquiry for topics 32, 55 and 56.

Defendant Walden argued that the information requested of the designee in these topics has already been requested and obtained through other methods of discovery. A party is not precluded from asking questions about information previously requested by other means of discovery. As stated above, the 30(b)(6) witness is speaking for the corporation. It is not inconceivable that the corporation may make statements different from other fact witnesses. There is no evidence presented that indicates the discovery requested of the designee is unreasonably cumulative or duplicative even if obtained by other sources.

### Conclusion

For the reasons stated above, Defendant Walden's Motion for a Protective Order (ECF 43) is hereby Granted in Part and Denied in Part consistent with this Memorandum and Order. Where indicated, the Court has invited Plaintiff to submit new AOI consistent with this Court's Memorandum and Order.

17 August 2021
Date

A. David Copperthite
United States Magistrate Judge